IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | |
| : | Case No. 5:08-CR-44(HL) |
| **WEBSTER JAMES JOHNSON,** : | |
| : | |
| Defendant. : | |
| _____ | |

# ORDER

This case is before the Court on Defendant Webster James Johnson's Petition for Bond Pending Sentence (Doc. 65). For the reasons set forth below, Defendant's Petition is denied.

On June 29, 2009, Defendant entered a guilty plea to Count One of the indictment which charged Defendant with distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A)(iii). At that time, Defendant was remanded to the custody of the United States Marshals, and he is currently incarcerated at Dooly State Prison pending sentencing. Defendant has now moved the Court to grant him a reasonable bond so that he may be released from imprisonment until he is sentenced.

18 U.S.C. § 3143(a)(2) requires the detention of any person who has been found guilty of certain offenses unless certain conditions are met. The offenses, which are found in subparagraphs (A), (B), and (C) of subsection (f)(1) of 18 U.S.C. § 3142, are:

>    (A) a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
>
>    (B) an offense for which the maximum sentence is life imprisonment or death;
>
>    (C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46.

18 U.S.C. § 3142(f)(1)(A)-(C).

Here, Defendant has pleaded guilty to an offense for which a maximum term of life is prescribed in the Controlled Substances Act, 21 U.S.C. § 841(b)(1)(A)(iii), putting him in one of the categories for which detention is required unless -

>    (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
>    (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
>    (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2)(A)(i)-(B).

Because Defendant pleaded guilty, there is not a substantial likelihood that a motion for acquittal or new trial will be granted. Also, the Government has not recommended that no sentence of imprisonment be imposed. Therefore, neither component of the first statutory requirement is satisfied, which means Defendant is not

eligible for release under § 3143(a)(2).  It is not necessary for the Court to address whether Defendant is likely to flee or poses a danger to the community.

Accordingly, Defendant's Petition for Bond Pending Sentence (Doc. 65) is **DENIED**.

**SO ORDERED**, this the 23rd day of July, 2009.


<u>s/   Hugh Lawson</u>
**HUGH LAWSON, SENIOR JUDGE**

mbh